LILLIAN BALCOURT, Individually and as Guardian ad Litem of RAYMOND BALCOURT and SEYMOUR BALCOURT, Infants over the Age of Fourteen Years, Respondents, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

Supreme Court, Appellate Term, Second Department, December 27, 1939.

*Tanner, Sillcocks & Friend* [*Eugene T. O' Neill* of counsel], for the appellant.

*Klepper & Goldstein* [*Isidore Goldstein* of counsel], for the respondents.

PER CURIAM. Judgment unanimously reversed upon the law and new trial granted, with thirty dollars costs to defendant to abide the event.

Since conflicting inferences could be drawn from the proof, it was for the jury to say whether plaintiff had established the death of the insured. (*Butler* v. *Mutual Life Ins. Co.,* 225 N. Y. 197.)

It was, however, error to admit in evidence all the papers in the matter of the administration of the estate of the mother of the missing husband. The affidavit of his brother in that proceeding was not competent proof in this action of the alleged attempts to locate the absent one. It was also error to admit in evidence all the papers in the proceeding for the dissolution of the marriage. The citation and notice published in newspapers were competent as was the non-appearance in both proceedings. Likewise, the inquiry at the State Department to discover if there had been an application to renew a license was competent on the question of effort to locate the missing man. The reply, however, was properly excluded because it was not proof as against the defendant of the fact that no license had been applied for. There was no error in admitting defendant's letters to plaintiff's former attorney. They could be found to be an admission of some effort to locate the insured.